IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DANIELLE WHITE )
)
v. ) NO. 2:13-cv-237
) *Greer/Inman*
STATE OF TENNESSEE )

**MEMORANDUM**

This *pro se* petition for a federal writ of habeas corpus, 28 U.S.C. § 2254, is before the Court upon petitioner's failure to respond timely and appropriately to an order of the Court. On September 23, 2013, petitioner was notified of certain deficiencies in her petition, namely that it was unsigned and contained no statement of grounds for relief, and was ordered to correct the identified deficiencies within twenty days, (Doc. 4, Order). The order, likewise, advised petitioner that if she failed to correct those deficiencies, the Court would assume that she did not wish to proceed in this matter and would dismiss the petition without prejudice, (*Id.*).

More than twenty days have passed since entry of that order, and petitioner has failed to do as she was ordered to do. Instead, petitioner has submitted what she has labeled as a "Partially Amended Complaint," in which she protests the conditions of confinement under which inmates are housed in the Greene County Detention Center and, intertwined with those protests, are assertions that she and other inmates are being denied court dates due to the fact that the local state court judge must serve four separate counties.

These newly fashioned claims do not belong in the instant habeas corpus petition. *Hill v. McDonough,* 547 U.S. 573, 577-578 (2006) (noting that a § 1983 action provides the federal avenue for an inmate's challenge to the circumstances of his confinement). This is so because they are not

related to the 2010 Greene County conviction for two counts of aggravated assault which she challenges in her petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that challenges to either the fact or the duration of confinement must be brought solely by way of a petition for writ of habeas corpus). If petitioner wishes to seek relief based on purportedly unconstitutional conditions at the Greene County Detention Center, she should file a civil rights complaint under 42 U.S.C. § 1983 and should include those claims as a basis for relief.

As it is, petitioner has not submitted a corrected petition as she was directed and nothing she has filed contains any explanation as to why she has not done so.

Accordingly, this petition will be **DISMISSED without prejudice** for failure to comply with the orders of the court and failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

A separate order will enter.


**ENTER**:

J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

2

Case 2:13-cv-00237-JRG-DHI   Document 10   Filed 11/01/13   Page 2 of 2   PageID #: 31